Filing # 90875449 E-Filed 06/11/2019 08:48:16 AM

Case 2:19-cv-00475-JES-NPM   Document 3-1   Filed 07/11/19   Page 1 of 5 PageID 352
Case 2:19-cv-00475-JES-NPM   Document 3-1   Filed 07/10/19   Page 1 of 21 PageID 6

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
| WILLIAMSON BROTHERS GENERAL CONTRACTING & CONSULTING, INC. (A/A/O TERRA VERDE COUNTRY CLUB MASTER ASSOCIATION, INC.) | CASE NO.: |
| Plaintiff, vs. | |
| BRIERFIELD INSURANCE COMPANY, | |
| Defendant.<br>_____/ | |

### PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, WILLIAMSON BROTHERS GENERAL CONTRACTING & CONSULTING, INC. (A/A/O TERRA VERDE COUNTRY CLUB MASTER ASSOCIATION, INC.), through the undersigned counsel, and hereby files this Complaint against Defendant, BRIERFIELD INSURANCE COMPANY, and as grounds therefore states as follows:

1.      This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2.      At all times material hereto, the Plaintiff, WILLIAMSON BROTHERS GENERAL CONTRACTING & CONSULTING, INC. (A/A/O TERRA VERDE COUNTRY CLUB MASTER ASSOCIATION, INC.), (hereinafter "Plaintiff") was and is a Florida corporation with its principal place of business in Florida.

3.      At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business and maintaining offices and/or agents for the transaction of its customary business in Lee County, Florida.

4. Plaintiff brings this action pursuant to an assignment of benefits signed by the named insured or an authorized representative of the named insured(s), Plaintiff having performed services at the insured property in exchange for a post-loss assignment of the rights and benefits available under any applicable insurance policies relating to or arising from the services rendered or performed by the Plaintiff.

5. Alternatively, the Plaintiff has standing to bring this lawsuit for insurance proceeds and benefits owed to the insured due to an equitable assignment based on completed contracted services.

6. At all times material hereto, the Insured sought and purchased homeowner's insurance from Defendant to cover the property located at 17000 Terraverde Circle, Ft. Myers, FL 33908 (hereinafter "Insured Property"). Said policy of insurance, (hereinafter "Contract"), was issued by Defendant to Insured to provide property insurance coverage for the Insured Property. Plaintiff is not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiff has requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 1171 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981).

7. The Contract was in full force and effect as of September 10, 2017.

8. On or about September 10, 2017, the Insured Property located at 17000 Terraverde Circle, Ft. Myers, FL 33908 sustained direct physical damages as a result of Hurricane Irma.

9. The Contract issued by Defendant to Insured provides coverage for, among other things, the cost of Plaintiff's emergency and/or mitigation services.

10. Shortly after the event described in paragraph 8, Insured contracted with Plaintiff to provide necessary emergency mitigation, testing, and/or construction services to Insured. In Exchange for said services, Insured agreed to assign to Plaintiff any and all rights available under the Contract for the Insured Property relating to the services rendered by Plaintiff and to allow direct billing of Plaintiff's services performed at the Insured Property to Defendant and assigned the right for direct payment of said services to Plaintiff. (See **Exhibit A**).

11. Plaintiff submitted its estimates for the services provided or to be provided at the Insured Property to Defendant, and has been unpaid or underpaid by Defendant for same. (See Plaintiff's invoices/estimates attached hereto and incorporated herein by reference as "**Exhibit B**").

12. This is an action related to Defendant's breach of contract for its failure to pay full value under the Contract for the services rendered by Plaintiff at the Insured Property in response to the loss described in Paragraph 8 above.

13. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida.

## COUNT I – BREACH OF CONTRACT

14. Plaintiff realleges and reincorporates paragraphs 1-13 as if fully stated herein, and further alleges as follows:

15. While the Contract was in full force and effect, the Insured Property sustained direct physical damages to the Insured Property.

16. The Plaintiff has complied with all obligations and conditions precedent to this lawsuit applicable to the Plaintiff and which would entitle Plaintiff to recover under the Contract as assignee of the Insured, or such conditions have been waived.

Case 2:19-cv-00475-JES-NPM   Document 1-1   Filed 07/10/19   Page 4 of 21 PageID 9

17. Despite Plaintiff's demand for payment, Defendant has failed to pay the insurance proceeds due and owing for Plaintiff's services fully and properly pursuant to the terms of the Contract.

18. This failure is contrary to the terms of the Contract and/or Florida law, and constitutes a breach of contract.

19. Plaintiff has been and remains fully prepared to comply with any and all obligations applicable to the Plaintiff pursuant to the Contract.

20. The Plaintiff has been damaged by this breach in the form of unpaid or underpaid insurance proceeds for completed construction services pursuant to the covered loss described in paragraph 8 above.

21. As a direct and proximate result of Defendant's breach of contract, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the interests of the Plaintiff, and the Plaintiff has become obligated to pay its counsel a reasonable fee for their services in bringing this action, along with necessary costs incurred.

22. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section 627.428, 626.9373, 57.041, Florida Statutes and/or other Florida Law.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the contract, interest, attorneys' fees and costs, and the Plaintiff demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

      **KANNER & PINTALUGA, P.A.**
      Attorneys for Plaintiff
      925 S. Federal Highway, Sixth Floor
      Boca Raton, FL 33432
      Phone: (561) 424-0032
      Fax:     (561) 853-2188
      Email: mgarner@kpattorney.com
            mvidal@kpattorney.com
            FirstPartyEService@kpattorney.com

      By: /s/ Margaret E. Garner            .
          MAX M. MESSINGER, ESQ.
          Florida Bar No.: 69988
          MARGARET E. GARNER, ESQ.
          Florida Bar No.: 85908